# ● 590-15 ●

In The ~~Texas~~ Court of
Criminal Appeals of
Austin, Texas

ORIGINAL

Samuel Arrenado Ferralez
   Appellant

§

V.

§    NO. 13-12-00651

The State of Texas
   Appellee

§
§

On Petition For Discretionary Review From the Decision of
The court of Appeals For the Thirteenth District of Texas.
      AT,
      Incause No: 13-12-00651

    Affirming Appellant's conviction and Sentence
       Incause no: 12469300
    Hon. Mollee westfall, Presiding
    From the 371st District court
    of Tarrant County.

    Appellant's Petition for Descretionary Review.

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

Appellant, Samuel A. Ferralez, PRO-se

10

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 06 2015

TIME 2:36pm
BY_____ DEPUTY

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Samuel Arrenado Ferralez

DATE OF BIRTH: May 5, 1976

PLACE OF CONFINEMENT: James V. Allred

TDCJ-CID NUMBER: 1809763     SID NUMBER: 06014009

(1)     This application concerns (check all that apply):

☐ a conviction              ☐ parole

☐ a sentence                ☐ mandatory supervision

☐ time credit               ☑ out-of-time appeal or petition for discretionary review

(2)     What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

Tarrant County, 371st Judicial District Court

(3)     What was the case number in the trial court?

1246930 D

(4)     What was the name of the trial judge?

Hon. Mollee Westfall

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 25 2015

Abel Acosta, Clerk

Effective: January 1, 2014          1          Rev. 01/14/14    2

U.S. Const. Amend 6, Violation of the Confrontation Clause

**GROUND ONE:**

The admission and Publication of the interrogation
Video that included the Detective asking Questions

**FACTS SUPPORTING GROUND ONE:**

that made assertions and third party statements
violated the confrontation clause.

**GROUND TWO:**

U.S. Const. Amend. 6; Violation as well as Rule 805 violation of Double hearsay.

**FACTS SUPPORTING GROUND TWO:**

The admission of the questions posed to the Appellant during his interrogation also constituted a violation of the Appellant's right to confront witness under the constitutions of the United States and of Texas as well as a rule 805 violation of the hearsay rule.

8

**GROUND THREE:**

US Const. Amend. 6 Violation as well as rule 805

**FACTS SUPPORTING GROUND THREE:**

The 6th Amendment guarantees the right of the accused to confront the witness against him, the Dectective could not have testified for what Someone else is saying. How do we know it is a genuine statement of fact of the declerant. Sheriff's testimony about Statements made by defendant's girlfriend was double hearsay and improperly admitted; defendant's Statement to girlfriend were Statements against ~~inteerst~~ interest under rule 803(24), but her Statements to sheriff did not meet the requirements of any hearsay exception. Bryant v. State 282 Sw3d 156.164-65 (Tex. App- Texarkana 2009. Pet. ref'd)

10

## PETITIONER'S INFORMATION

Petitioner's printed name: ~~[illegible scribbles]~~

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Samuel Arrerado Ferralez_, am the (applicant) petitioner (circle one) and being presently incarcerated in _James V Allred_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _6-17-15_, 20 _15_.

_____
Signature of (Applicant) Petitioner (circle one)

17

Bryant v. State 282 S.w.3d 156,164-65
(Tex. App.–Texarkana 2009, Pet. ref'd)
(Sheriff's testimony about statements made
by defendant's girlfriend was double Hearsay
and improperly admitted, defendant's statements to
girlfriend were statements against interest under
rule 803(24) but her statements to Sheriff
did not meet the requirements of any hearsay
exception

Rev. 01/14/14 11

# SUBJECT INDEX

TABLE of AUTHORITIES ............................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............ 1.

STATEMENT OF THE CASE ............................. 1.

STATEMENT OF PROCEDUREL HISTORY ............... 2.

GROUNDS FOR REVIEW .................................. 2.

ARGUMENT ............................................... 3.

PRAYER FOR RELIEF ..................................... 7.

CERTIFICATE OF SERVICE ............................... 8.

APPENDICES ............................................. 9.

    APPENDIX "A" (opinion of the Court of Appeals)

    APPENDIX "B" (Indictment)

i

# Table of Authorities

Cases: Mattox v. US. 156. US 237, 242-43 (1985) Crawford v. Washington, 541 US 36, 36-37 (2004) Russeau v. State 171 S.w.3d 871 (Tex. Crim. App 2005) Wall v. State 184 S.w.3d, 730, 732 (Tex. crim. App 2006) Frazier v. Cupp, 394 U.S. 731, 737-39 (1969) Oursbourn v. State 259 S.w.3d 159, 182 (Tex. crim. App. 2008) Bryant v. State 282 Sw3d 156, 164-65 (Tex. App.-Texarkana 2009, pet ref'd)

Codes, Rules

U.S. Const. Amend 6. Tex. Const. Art 1 § 10 Rule 805.

Petitioner believes that oral argument would aid the Court in deciding the critical issue presented as it may be one of first impression.

## STATEMENT OF THE CASE (Bold)

The Appellant was under Investigation for the murder of his girlfriend 4 RR 97. On May 31, 2011, police conducted an interview of the Appellant where they posed several questions assuming they had evidence that they may or may not have had. 4 RR 98. In particular, they confronted the appellant with alleged statements by third parties In order to solicit his responses and explanations of such hypothetical evidence. 4 RR 99-100. For example, the appellant was asked why the victim would have told her mother that the appellant had a gun. 12 RR at 42:20; 4 RR 98. The Appellant was then asked why his son would say that the Appellant was throwing things over the fence before the police arrived. 12 RR at 15:16; 4 RR 100. These sorts of accusatory questions are posed again throughout the interview. 12 RR 46:20; 12 RR 56:24; 12 RR 1:02:00; 12 RR 1:04:00; 12 RR 1:14:00; 12 RR 1:19:00; 12 RR 1:43:00; 13 RR 1:48:00; 12 RR 2:34:00. The videos of these interviews, complete with the loaded questions were admitted into evidence and published to the jury over the Appellant's objection. 4 RR 97-108; 8 RR 6; 7 RR 170. The jury heard the videos

without any explanation as to Interrogation methods

or being warned of the fact that certain facts

alluded to in the questioning ~~peep oo~~ may not be

true or factual. 7 RR 169-70. The jury found the

Appellant guilty of murder and sentenced to 99 years'

imprisonment. CR 68; CR 75.

### STATEMENT of PROCEdural History    (Bold )capital

The court of Appeals issued its opinion denying relief to

Appellant on February 13, 2014. Trial Attorney did not give

Notice of opinion and right to proceed in a Petition for

Discretionary Review as per rule T.R.A.P. 48.4. Appellant

filed for an out of time P.D.R. and was granted. This

Petition ~~to~~ has been granted permission to be filed out of time.

Appeallate attorney did not file a Motion for rehearing.

### Grounds for Review        (BolD) capital

1.) The admission ~~and~~ and publication of the interrogation video that included the

Detective asking questions that made assertions and third party statements violated the

Confrontation Clause.

2.) The admission of the questions — posed to the Appellant during his

interrogation also Constituted a violation of the Appellant's right to Confront witnesses Under the Constitutions of the United States and of Texas.

3.) The Sixth Amendment guarantees the right of the accused to Confront the witnesses against him, the Dectective Could not have testified for what Someone else is saying. How do we Know it is a genuine statement oR fact, of the Declerant.
                    ARGUMENT (Bold capital)

It has been long settled that the object of the Confrontation Clause was to prevent depositions or ex parte affidauits.... being used against the prisoner in lieu of a personal examination and cross-examination of the witness ..." Mattox v. United States, 156 US. 237, 242-43 (1895). Indeed where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy Constitutional demands is Confrontation, Crawford v. Washington, 541 US. 36, 36-37 (2004); Russeau v. State, 171 S.W3d 871 (Tex. Crim. App. 2005.), The Supreme Court has held that the ~~statement~~ admission of a hearsay statement violates the Sixth Amendment if the statement is testimonial, and the defendant has not had prior opportunity for cross-examination, Crawford, 541 US. at 68. Statements made to police during ~~Custody~~ questioning fall squarely within the realm of testimonial statements Under Crawford. Id at 52-53; Wall v. State 184 S.w3d 730, 732 (Tex. Crim. App. 2006). Here, third party statements were

3.

Rev. 01/14/14

**16**

# Conclusion and Prayer

By presenting the interrogation video that made Assertions through the questions, there was an extremely high Risk the evidence should have either Been excluded or put into proper context for the jury. Therefore, the Appellant Prays that a New trial Be ordered in this cause

Respectfully Submitted.

Samuel A. Ferralez
TDcJ # 1809763

17